IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                      :        CASE NO.  10-00851 (ESL)
                                            :
JOSE WILLIAM OQUENDO CLAUDIO                :        CHAPTER 7
                                            :
                                            :
        Debtor                              :
                                            :
_____            :

IN RE:                                      :        CASE NO.  10-001216 (ESL)
                                            :
MARIA M. QUINONES RIVERA                    :        CHAPTER 7
                                            :
                                            :
        Debtor                              :
                                            :
_____            :
IN RE:                                      :        CASE NO.  10-02150 (ESL)
                                            :
MARIA DEL C. ARROYO RIVERA                  :        CHAPTER 7
                                            :
                                            :
        Debtor                              :
                                            :
_____            :

ORDER

The above captioned cases are before the court upon the debtors' request to reopen their individual case in order to amend the schedules to include an undisclosed cause of action and to claim an exemption over the same. The defendant in the undisclosed action, Santander Financial Services, Inc. ("Santander") has opposed the request on judicial estoppel grounds.

The factual background is substantially the same in all three cases. The debtors filed voluntary chapter 7 petitions in February and March 2010. Shortly after the 341 meeting of creditors the chapter 7 trustee in each of the cases filed a report of no distribution. The same was notified to all creditors. The debtors were granted a discharge and the cases were closed in May 2010 and August 2010. The debtors failed to disclose in the schedules filed in their individual bankruptcy cases that they had a prepetition cause of action against Santander.

On December 4, 2010, after their bankruptcy cases were closed, they filed an action before the U. S. District Court for the District of Puerto Rico against Santander for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. When Santander moved to dismiss the

action on grounds of judicial estoppel and lack of standing in the district court case, the debtors opted to move the bankruptcy court to reopen the cases pursuant to 11 U.S.C. § 350(b) alleging that the inadvertent mistake was counsel's fault for admittedly lack of experience in bankruptcy matters.

On October 31, 2011 the U.S. District Court for the District of Puerto Rico (Gelpi, U.S. District Judge) in case number Civ. 10-2185, José W. Oquendo Claudio, et als v. Santander Financial Services, Inc., 2011 WL 5163319 (D.P.R. 2011), entered an order dismissing the action on judicial estoppel grounds as to the above captioned chapter 7 debtors: Jose W. Oquendo Claudio, María M. Quiñones Rivera and María Arroyo Rivera. The court declined to dismiss the case as to chapter 13 debtor Carmen Delgado Ramirez.

Judicial estoppel is an equitable doctrine aimed at protecting the integrity of the judicial process. New Hampshire v. Maine, 532 U.S. 742, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). The benefits of the bankruptcy process are reserved for the honest but unfortunate debtor. Marrama v. Citizens Bank of Mass., 549 U.S. 365, 367, 127 S.Ct. 1105, 166 L. Ed. 2d 956 (2007). Judicial estoppel must be applied in bankruptcy to deter dishonest debtors from failing to fully disclose all assets as such failure undermines the bankruptcy system.

Section 350(b) of the Bankruptcy Code provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A decision to reopen a bankruptcy case is within the discretion of the bankruptcy court. In re Crocker, 362 B.R. 49, 53 (1st Cir. BAP 2007). When a debtor moves to reopen a case to include an undisclosed asset the most important consideration is the benefit to creditors. In re Arana, 456 B.R. 161, 173 (Bankr. E.D. New York 2011).

The undisputed facts in the above captioned cases show that the debtors may not pursue the cause of action they intend to include in their respective schedules as the same has been dismissed by the district court. Consequently, there is no purpose to be served, and no benefit to creditors is discernible if the cases are reopened. Therefore, the court declines to reopen the cases to include the undisclosed cause of action. Reed v. City of Arlington, 650 F.3d 571, 574 (5th Cir. 2011)

Moreover, property that is not formally disclosed by a chapter 7 debtor is not deemed abandoned by the Chapter 7 trustee and remains property of the estate. The chapter 7 debtor lacks

2

standing to prosecute the undisclosed action. In re McLoughlin, 2011 WL 5025335 Bankr. D. Mass October 21, 2011); In re Samayoa, 2011 WL 5041756 (Bankr. D. Mass. October 24, 2011). The party with standing to prosecute an action that the chapter 7 debtor failed to disclose for the benefit of creditors is an innocent trustee. Reed v. City of Arlington, 650 F.3d 571 (5th Cir. 2011).

CONCLUSION

In view of the foregoing, debtors' motions to reopen their respective cases are hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of March, 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge